## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:18-cv-00395-MR

| | | |
|---|---|---|
| RONALD MCCLARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU DIXIE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's *Pro Se* "Motion for Leave" [Doc. 39], which the Court construes as a motion to compel discovery. Also before the Court is a letter that Plaintiff directs to the Court in which the Plaintiff appears to attempt to supplement his motion to compel. [Doc. 38].

*Pro se* Plaintiff Ronald McClary is an inmate of the State of North Carolina, currently incarcerated at Bertie Correctional Institution in Windsor, North Carolina. Plaintiff filed this action on July 19, 2018, pursuant to 42 U.S.C. § 1983, naming as Defendants FNU Dixie, identified as a nurse at Lanesboro Correctional Institution, Plaintiff's former place of incarceration, and Defendant John Doe, identified as a dietician at Lanesboro at all relevant

times. Plaintiff brings his claim against Defendants for deliberate indifference to serious medical needs in violation of his Eighth Amendment rights. Specifically, Plaintiff alleges that, on unspecified dates, Defendant Dixie refused to treat Plaintiff, despite the fact that he suffers from numerous ailments. Plaintiff alleges that he has submitted numerous sick calls, which went unanswered by Defendant Dixie. Plaintiff also alleges that an unnamed dietician at the prison deprived Plaintiff of adequate nutrition by refusing to provide Plaintiff the special diet he requires. [See Doc. 1].

On August 27, 2019, the Court notified the Plaintiff that N.C. Prisoner Legal Services (NCPLS) is available to assist the Plaintiff with discovery in this case if the Plaintiff chose to accept its services. [Doc. 31]. On September 6, 2019, the Plaintiff filed his acceptance of NCLPS's discovery-phase assistance during the discovery phase in this matter. [Doc. 34]. On September 10, 2019, the Court entered an Amended Pretrial Order and Case Management Plan ("Amended PTO") appointing NCPLS to conduct discovery in this case on Plaintiff's behalf, which was mailed to Plaintiff the same day. [Doc. 35]. The terms of the Amended PTO require that the NCPLS file a notice of non-representation within 10 days of that Order if it is unable to accept appointment or serve discovery requests on Plaintiff's

behalf within 60 days.  [Id. at 2].  No notice of non-representation has been filed.

On September 17, 2019, Plaintiff filed the instant motion before the Court in which he seeks the Court to compel Defendants to respond more fully to Plaintiff's First Request for Production of Documents.  [Doc. 39].  With this motion, Plaintiff submits a copy of Defendants' response to Plaintiff's discovery request.  Defendants' response is dated September 9, 2019. [Doc. 39 at 5-9].  Plaintiff does not state when he served the discovery request at issue on Defendants.  Plaintiff has also not certified that he has conferred in good faith in an attempt to resolve the dispute with Defendants and was unable to do so, as required by the Amended PTO.  [See Doc. 37 at 7].  It is unclear from the timing of the various filings in this matter whether Plaintiff was aware when he filed the instant motion that the NCPLS had been appointed to conduct discovery on his behalf.

In reviewing the Plaintiff's motion to compel together with the Defendants' discovery responses, Defendants' responses appear generally sufficient.  With respect to Defendants' response to Request No. 4,[1] the

---

[1] Plaintiff's Request No. 4 requests "MNT-4 special diet menu 5 week cycle tray line report – nutrition report for Dec. 2014 to April 2016, MNT-3 diet menu five week cycle also."  In response to this request, Defendants objected, stating "[t]he special diet menus and tray line accuracy reports have no bearing on the issues in this case.  They are also lengthy and the DPS previously provide the MNT-4 documents to Plaintiff" in another case."  [Doc. 39 at 7-8].

3

Court is without sufficient information to assess the relevancy of the documents Plaintiff requests here or whether the Defendants' response is appropriate. The Court also notes that it is contemporaneously entering a protective order that will allow Defendants to provide the medical records at issue in Request No. 1, as well as any records that are responsive to Request No. 3, which requests "All request [*sic*] McClary made to medical staff." [See Doc. 39 at 7]. The Court also notes that Plaintiff's request is overly broad in that it is not limited to medical staff named as Defendants in this action.

In any event, because the NCPLS has been appointed to assist the Plaintiff in conducting discovery on Plaintiff's behalf, because Plaintiff failed to certify that he conferred with Defendants to resolve the discovery dispute, and because it appears that the Defendants' responses were prepared in accordance with Rule 26(b) of the Federal Rules of Civil Procedure, the Court will deny the Plaintiff's motion without prejudice to refile should the NCPLS be unable to resolve any questionable discovery issues with Defendants without Court intervention. The Court notes also that the Plaintiff, through the NCPLS, can serve another discovery request on Defendants that more specifically requests some of the documents Plaintiff contends that Defendants are wrongfully withholding here.

4

As for the letter to the undersigned that Plaintiff filed the same day as his motion to compel, the Court declines to consider it and will strike it from the record in this matter. All documents that Plaintiff files with this Court must include the applicable case caption and should never be directed to the judge assigned to the case. The Plaintiff frequently submits "letters" to the judges assigned to his cases in this District. This is improper and the undersigned judge will not consider them. Should the Plaintiff seek particular relief, he must file a proper motion with the Court. Should the Plaintiff wish to supplement a previously filed motion, the Plaintiff may file a motion to supplement along with his proposed supplement. The Court will, therefore, strike the Plaintiff's letter [Doc. 38] from the record in this matter.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Leave [Doc. 39] be **DENIED** without prejudice to refile in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's letter [Doc. 38] is **STRICKEN** from the record in this matter.

**IT IS SO ORDERED.** Signed: October 9, 2019

Martin Reidinger
United States District Judge